**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| DON MCCOIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:25-CV-153-RWS-JBB |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner Don McCoin, proceeding *pro se*, filed the above-captioned petition for the writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his conviction. Docket No. 7. The case was referred to the United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636.

Petitioner challenges a June 2023 conviction from Red River County purportedly for aggravated assault with a deadly weapon and family violence. Docket No. 7 at 2–3. He claims that his attorney told him that he must plead guilty because the judge would not appreciate a not guilty plea, and the evidence showing his innocence was all hearsay. *Id.* at 6. Petitioner also complains that no investigation was conducted into the circumstances of his arrest. *Id.* at 7. According to Petitioner, he was arrested and removed from his own property while a trespasser was left there to rob him. *Id.* Petitioner further contends that he did not get notices of court appearances, so he had to keep calling to avoid being cited for failing to appear. *Id.*

Petitioner represented that he had not appealed his conviction and that he had filed a state habeas petition, which was denied by the district court. *Id.* at 3–4. The online records of Red River County (available at https://research.txcourts.gov/CourtRecordsSearch/Home#!) show that Petitioner has filed two state habeas petitions under Texas Code of Criminal Procedure

Article 11.072, which were denied by the district court, but he did not appeal either denial to the Texas Court of Criminal Appeals. The online records of the Court of Criminal Appeals confirm that Petitioner has not appealed any adverse rulings against him. *See* https://search.tx-courts.gov/CaseSearch.aspx?coa=coscca&s=c.

After reviewing the pleadings, the Magistrate Judge issued a report and recommendation, recommending that the petition be dismissed for failure to exhaust state remedies. Docket No. 21 at 3. The Magistrate Judge explained that exhaustion of state remedies requires the petitioner to "fairly present" his claims to the highest available state court in Texas, which is the Texas Court of Criminal Appeals. *Id.* at 2 (citing *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015)). Because Petitioner has not presented any claims to the Texas Court of Criminal Appeals, the Magistrate Judge determined that he had not exhausted his state remedies. *Id.* at 2–3.

Petitioner has filed a response (Docket No. 22), which the Court construes as objections to the Report and Recommendation. He argues that he filed two habeas petitions in state court, which were denied, and that he was told that a third one would have to be filed in federal court. Docket No. 22. He states "I can prove what I say with the court [minutes] of every time I went to court. The last time I tried to get them[,] they found drugs in my car." *Id.* The Red River County dockets confirm that Petitioner filed two habeas petitions that were denied by the state district court and not appealed to the Texas Court of Criminal Appeals.

As stated above, the state district court construed Petitioner's habeas petitions as falling under Article 11.072 of the Texas Code of Criminal Procedure. Section 8 of this article provides that "[i]f the application is denied in whole or in part, the applicant may appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure." Because Petitioner did not appeal his claims to the Texas Court of Criminal Appeals, he has not presented his claims to the highest court in the

state of Texas, and the Magistrate Judge correctly determined that he did not exhaust his state remedies. Docket No. 21 at 2–3.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Petitioner objected. *See* 28 U.S.C. § 636(b)(1) (explaining that a District Judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). Upon such *de novo* review, the Court has determined that the Report and Recommendation of the Magistrate Judge is correct and the Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 21) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-captioned petition for the writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. It is further

**ORDERED** that a certificate of appealability is **DENIED** *sua sponte*, with such denial applying solely to an appeal of the decision in this case. The denial of Petitioner's certificate has no effect upon Petitioner's right to seek relief in state court through any proper means or to seek relief in federal court after he has exhausted his remedies in state court.

**So ORDERED and SIGNED this 25th day of February, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE